UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| CEREPLAST, INC., ) | |
| ) | Case No. 14-90200-BHM-11 |
| Debtor. ) | |

## MOTION TO CONVERT CASE INTO A CHAPTER 7 BANKRUPTCY CASE

Horizon Technology Finance Corporation, as successor to Compass Horizon Funding Company LLC and Horizon Credit I LLC, ("Horizon"), by counsel and pursuant to 11 U.S.C. §1112(b) and Rule 1017 of the Federal Rules of Bankruptcy Procedure, states the following as its *Motion to Convert Case Into a Chapter 7 Bankruptcy Case*:

### I. FACTUAL BACKGROUND

1.  Pursuant to a certain Venture Loan and Security Agreement dated as of December 21, 2010 (as the same has been amended, supplemented or otherwise modified from time to time, the "Loan Agreement") by and between Horizon and the Debtor, Cereplast, Inc. ("Debtor"), Horizon, among other things, (i) has extended credit to the Debtor as evidenced by (a) a Secured Promissory Note (Loan A) dated December 21, 2010 in the original principal amount of $2,500,000 ("Note A"), (b) a Secured Promissory Note (Loan B) dated February 17, 2011 in the original principal amount of $2,500,000 ("Note B"), a Secured Promissory Note (Loan C) dated November 27, 2012 in the original principal amount of $150,000 ("Note C"), and (d) a Secured Promissory Note (Loan D) dated December 3, 2012 in the original principal amount of $250,000 ("Note D" and collectively with Note A, Note B and Note C, and as the same have been amended, supplemented or otherwise modified from time to time, the "Notes"), and (ii) has been granted a security interest in all assets of the Debtor (the "Collateral"). True and accurate copies

of the Loan Agreement (excluding amendments) and the Notes attached hereto as <u>Exhibits A through E</u> and are incorporated herein by reference.

2. Horizon perfected its security interest in the Collateral by filing a financing statement with the Secretary of State of Nevada on December 20, 2010 as Instrument No. 2010032035-4. A true and accurate copy of the financing statement is attached hereto as <u>Exhibit F</u> and is incorporated herein by reference. (Collectively, the Loan Agreement, Notes, financing statement and all other related documents, agreements, and assignments shall be referred to as the "Loan Documents".)[1]

3. Pursuant to the Loan Documents, Horizon holds a secured claim against the Collateral to secure a debt of not less than $2.8 million.

4. The debt due to Horizon is in payment default.

5. On January 23, 2014, Horizon gave notice to the Debtor and all other secured creditors of a sale of its Collateral under the provisions of Section 9-611 of the Uniform Commercial Code (the "UCC Sale"). A true and accurate copy of the Notice of Public Sale of Collateral is attached hereto as <u>Exhibit G</u> and is incorporated herein by reference.

6. The UCC Sale was scheduled for February 11, 2014.

7. The Debtor sought to restrain the UCC Sale in proceedings pending in the Superior Court of the State of California, for the County of Los Angeles, as Cause No CGC-08-482329.

8. The Debtor's request for a restraining order was denied on February 10, 2014.

9. This case was commenced by the Debtor on February 10, 2014.

10. The Debtor has no discernible source of operating capital and Horizon does not

---

[1] The Loan Documents between Horizon and the Debtor are extensive. For purposes of simplicity, only key documents are attached to this motion. The remaining Loan Documents are available upon request.

intend to provide additional funding to the Debtor.

11. Horizon's notice of the UCC Sale has generated interested bidders and at least one of these bidders has expressed interest in exploring continued operations at the Debtor's Seymour facility.

## II. RELIEF REQUESTED

12. Pursuant to Section 1112(b) of the Bankruptcy Code, the Court may convert a case under chapter 11 to a case under chapter 7 "for cause" if conversion is in the best interest of creditors of the estate. Section 1112(b)(4) sets forth a non-exhaustive list of what constitutes "cause".

13. Here, "cause" exists to convert this chapter 11 case to one under chapter 7. Specifically:

   (i) Upon information and belief, the Debtor is not actively operating its business and has furloughed or laid off its employees. Since the filing date, no authority has been requested or granted to pay employees or to use cash collateral to pay employees or operating expenses, including insurance necessary to protect the assets of the estate.

   (ii) Continued delay and an extended period of business cessation will result in a decline in the value of Horizon's Collateral and all of the Debtor's assets.

   (iii) The Debtor filed this bankruptcy petition solely as a means to stop Horizon's UCC Sale.

14. A chapter 7 trustee would be in the best position to independently analyze the liquidation of the Collateral and all of the Debtor's assets.

15. As of the filing of this motion, the Debtor has filed a "bare-bones" voluntary petition and is required to complete its financial disclosures and declarations within a matter of days.

16. Failure to make these required disclosures may result in dismissal of this

bankruptcy case.

17. Horizon asks that this motion be heard before entry of any order dismissing this case for failing to comply with the deficiency notices issued by the Court on February 11, 2014 [Docket Nos. 2, 4, 5].

### III. ALTERNATIVE RELIEF REQUESTED

18. As alternative relief, Horizon is contemporaneously filing its *Motion for Relief from Stay and Abandonment With 30-Day Waiver*.

WHEREFORE, Horizon Technology Finance Corporation, as successor to Compass Horizon Funding Company LLC and Horizon Credit I LLC, requests that the Court, after notice and hearing, convert this case to one under Chapter 7 of the Bankruptcy Code, and requests such other relief as is proper.

Respectfully submitted,

*/s/ Whitney L. Mosby*
Thomas C. Scherer, #24-49
Whitney L. Mosby, #23691-49
Counsel for Horizon Technology Finance
Corporation, as successor to Compass Horizon
Funding Company LLC and Horizon Credit I LLC

BINGHAM GREENEBAUM DOLL LLP
10 West Market Street, #2700
Indianapolis, IN 46204
(317) 635-8900 (phone)
(317) 236-9907 (facsimile)
tscherer@bdglegal.com
wmosby@bgdlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically and served upon the following either electronically or via first class United States mail, postage prepaid and addressed as shown, this 14th of February, 2014:

Tamara Marie Leetham
tamara@austinlegalgroup.com

Joseph F McGonigal
joe.mcgonigal@usdoj.gov

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

                                              */s/ Whitney L. Mosby*
                                              Whitney L. Mosby