UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| CEREPLAST, INC., ) | |
| ) | Case No. 14-90200-BHM-11 |
| Debtor. ) | |

**MOTION FOR RELIEF FROM STAY AND
ABANDONMENT WITH 30-DAY WAIVER**

Horizon Technology Finance Corporation, as successor to Compass Horizon Funding Company LLC and Horizon Credit I LLC, ("Horizon"), by counsel pursuant to 11 U.S.C. § 362(d) and § 554(b), states the following as its *Motion for Relief from Stay and Abandonment With 30-Day Waiver*:

### I. FACTUAL BACKGROUND

1. Pursuant to a certain Venture Loan and Security Agreement dated as of December 21, 2010 (as the same has been amended, supplemented or otherwise modified from time to time, the "Loan Agreement") by and between Horizon and the Debtor, Cereplast, Inc. ("Debtor"), Horizon, among other things, (i) has extended credit to the Debtor as evidenced by (a) a Secured Promissory Note (Loan A) dated December 21, 2010 in the original principal amount of $2,500,000 ("Note A"), (b) a Secured Promissory Note (Loan B) dated February 17, 2011 in the original principal amount of $2,500,000 ("Note B"), a Secured Promissory Note (Loan C) dated November 27, 2012 in the original principal amount of $150,000 ("Note C"), and (d) a Secured Promissory Note (Loan D) dated December 3, 2012 in the original principal amount of $250,000 ("Note D" and collectively with Note A, Note B and Note C, and as the same have been amended, supplemented or otherwise modified from time to time, the "Notes"), and (ii) has been granted a security interest in all assets of the Debtor (the "Collateral"). True and accurate copies

of the Loan Agreement (excluding amendments) and the Notes attached hereto as <u>Exhibits A through E</u> and are incorporated herein by reference.

2. Horizon perfected its security interest in the Collateral by filing a financing statement with the Secretary of State of Nevada on December 20, 2010 as Instrument No. 2010032035-4. A true and accurate copy of the financing statement is attached hereto as <u>Exhibit F</u> and is incorporated herein by reference. (Collectively, the Loan Agreement, Notes, financing statement and all other related documents, agreements, and assignments shall be referred to as the "Loan Documents".)[1]

3. Pursuant to the Loan Documents, Horizon holds a secured claim against the Collateral to secure a debt of not less than $2.8 million.

4. The debt due to Horizon is in payment default.

5. On January 23, 2014, Horizon gave notice to the Debtor and all other secured creditors of a sale of its Collateral under the provisions of Section 9-611 of the Uniform Commercial Code (the "UCC Sale"). A true and accurate copy of the Notice of Public Sale of Collateral is attached hereto as <u>Exhibit G</u> and is incorporated herein by reference.

6. The UCC Sale was scheduled for February 11, 2014.

7. The Debtor sought to restrain the UCC Sale in proceedings pending in the Superior Court of the State of California, for the County of Los Angeles, as Cause No CGC-08-482329.

8. The Debtor's request for a restraining order was denied on February 10, 2014.

9. This case was commenced by the Debtor on February 10, 2014.

10. The Debtor has no discernible source of operating capital and Horizon does not

---

[1] The Loan Documents between Horizon and the Debtor are extensive. For purposes of simplicity, only key documents are attached to this motion. The remaining Loan Documents are available upon request.

2

intend to provide additional funding to the Debtor.

11. Horizon's notice of the UCC Sale has generated interested bidders and at least one of these bidders has expressed interest in exploring continued operations at the Debtor's Seymour facility.

## II. RELIEF REQUESTED

12. Under Section 362(d) of the Bankruptcy Code, Horizon seeks relief from the automatic stay so that it can proceed with its rights and remedies under applicable non-bankruptcy law with respect to the Collateral.

13. Section 362(d) of the Bankruptcy Code provides, in relevant part, that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property…, if: (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362(d).

14. Horizon requests that it be granted relief from the automatic stay under Sections 362(d)(1) and/or (d)(2) for the following reasons:

  (i) The Debtor has not offered and is unable to provide adequate protection to Horizon.

  (ii) There is little or no equity in the Collateral and the Collateral is depreciating in value.

  (iii) Upon information and belief, the Debtor is not actively operating its business and has furloughed or laid off its employees. Since the filing date, no authority has been requested or granted to pay employees or to

use cash collateral to pay employees or operating expenses, including insurance necessary to protect the assets of the estate.

15. For all of the reasons set forth above, Horizon also requests that the Collateral be abandoned pursuant to Section 554(b) because the Collateral is burdensome to the estate and is of inconsequential value to the estate.

16. Horizon has suffered and continues to suffer irreparable injury by virtue of being restrained from exercising its contractual and non-bankruptcy rights with respect to the Collateral.

17. Horizon requests that the Court waive the 14-day stay under Bankruptcy Rule 4001(a)(3).

18. Horizon waives the right under Section 362(e) to a hearing on this motion within thirty (30) days of the date it is filed.

### III. ALTERNATIVE RELIEF REQUESTED

19. As alternative relief, Horizon is contemporaneously filing its *Motion to Convert Case Into a Chapter 7 Bankruptcy Case*.

WHEREFORE, Horizon Technology Finance Corporation, as successor to Compass Horizon Funding Company LLC and Horizon Credit I LLC, requests the entry of an Order: (i) terminating the stay as to the Collateral pursuant to §§ 362(d)(1) and (2) of the Bankruptcy Code; (ii) abandoning the Collateral pursuant to 11 U.S.C. § 554(b); (iii) finding that the stay imposed by Bankruptcy Rule 4001(a)(3) has been waived; and (iv) granting Horizon such other and further relief as the Court deems proper.

Respectfully submitted,

*/s/ Whitney L. Mosby*
Thomas C. Scherer, #24-49
Whitney L. Mosby, #23691-49

4

        Counsel for Horizon Technology Finance
Corporation, as successor to Compass Horizon
Funding Company LLC and Horizon Credit I LLC

BINGHAM GREENEBAUM DOLL LLP
10 West Market Street, #2700
Indianapolis, IN  46204
(317) 635-8900 (phone)
(317) 236-9907 (facsimile)
tscherer@bdglegal.com
wmosby@bgdlegal.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been filed electronically and served upon the following either electronically or via first class United States mail, postage prepaid and addressed as shown, this 14th of February, 2014:

Tamara Marie Leetham
tamara@austinlegalgroup.com

Joseph F McGonigal
joe.mcgonigal@usdoj.gov

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

          /s/ Whitney L. Mosby
        Whitney L. Mosby