UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| CEREPLAST, INC. ) | |
| ) | Case No.: 14-90200-BHM-11 |
| Debtor. ) | |
| ) | |

**DEBTOR'S FIRST DAY MOTION FOR AUTHORITY TO (A) USE CASH COLLATERAL ON AN EMERGENCY BASIS PENDING A FINAL HEARING; (B) INCUR POSTPETITION DEBT ON AN EMERGENCY BASIS PENDING A FINAL HEARING; AND (C) GRANT ADEQUATE PROTECTION AND PROVIDE SECURITY AND OTHER RELIEF TO HORIZON TECHNOLOGY FINANCE COMPANY.**

Cereplast, Inc., debtor and debtor-in-possession (the "Debtor"), by counsel, pursuant to 11 U.S.C. §§ 361, 363, 364, Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and S.D. Ind. B-4001-2 and B-9013-3(f)(2) and (f)(3), requests that the Court enter an Interim Order (a) authorizing the Debtor's use of cash collateral, as defined by 11 U.S.C. § 363(a); (b) authorizing the Debtor to incur secured postpetition debt and granting liens and administrative expense priority pursuant to 11 U.S.C. § 364(c) and (d); and (c) authorizing the Debtor to grant adequate protection and provide security to Horizon Technology Finance Company ("Horizon") pursuant to 11 U.S.C. § 364(d). In support, the Debtor states:

**I. Summary of Borrowing Provisions**

1. By this Motion, the Debtor seeks authority to enter into a Debtor-In-Possession Loan Agreement (the "ProCap Agreement") with ProCap Funding ("ProCap"), and obtain authority to use cash collateral and obtain postpetition financing. A copy of the ProCap Agreement is attached hereto as **Exhibit A**.

1

2. Pursuant to Rules 4001(b)(1)(B) and 4001(c)(1)(B) of the Federal Rules of Bankruptcy Procedure and Southern District of Indiana Local Rule B-4001-2, the following is a summary of the relief requested, together with the material provisions of the ProCap Agreement and the proposed interim order granting this Motion (the "Order"), a copy of which is attached hereto as **Exhibit B**:

   a. By virtue of a prepetition Venture and Loan Agreement with Horizon Technology Finance Company, successor to Compass Horizon Funding Company, LLC ("Horizon"), Horizon may have an interest in the Debtor's cash collateral. By virtue of a prepetition loan agreement between the Debtor and Horizon

   b. The original amount of the commitment under the ProCap Agreement will be $1,000,000 (ProCap Agreement, at § 1.1(a)(ii); Order, at Ex. A, ¶ 15).

   c. Pursuant to the ProCap Agreement, the non-default interest rate of interest is 5% (ProCap Agreement, at § 1.5(a); Order, at ¶ 3(c)(ii)). The default rate of interest is 9% (ProCap Agreement, at §§ 1.5(b), 6.1).

   d. In the event that the amounts borrowed under the ProCap Agreement are repaid with amounts other than the proceeds of a sale of the Debtor's assets to ProCap, the Debtor is required to pay a $250,000 repayment fee to ProCap (ProCap Agreement, at § 1.5(d); Order, at ¶ 3(c)(iii)).

   e. Conditions precedent to the Debtor's ability to obtain advances under Section 4.1 of the ProCap Agreement include the requirement that the Debtor (i) name ProCap as an additional insured and/or loss payee under its insurance policies; (ii) defend the collateral against any and all claims by persons other than Horizon; (iii) pay the costs, fees, and expenses of any financial consultant engaged by ProCap; and (iv) engage senior management acceptable to ProCap.

   f. Under the ProCap Agreement and the Order, amounts borrowed under the ProCap Agreement are entitled to superpriority administrative expense status in favor of ProCap under 11 U.S.C. § 364(c)(1) (ProCap Agreement, at § 4.1(i)(ii); Order, at ¶ 3(d)).

   g. Under the ProCap Agreement and the Order, the Debtor shall grant ProCap first priority postpetition liens pursuant to 11 U.S.C. §§ 364(c)(3) and 364(d), subject only to the liens of Horizon. The postpetition liens in favor of ProCap are not subject to any security interest or lien which is avoided and preserved under 11 U.S.C. § 551, are not subject to subordination under 11 U.S.C. § 510(c), and shall remain in full force and effect notwithstanding any subsequent conversion or

  dismissal of the bankruptcy case (ProCap Agreement, at § 4.1(i)(ii); Order, at ¶ 3(d)).

 h. The postpetition liens granted in favor of ProCap extend to causes of action and recoveries under 11 U.S.C. §§ 544, 547, 548, 549, 550, and 553, subject to entry of a final financing order (ProCap Agreement, at § 6.1; Order, at Ex. A, ¶ 23).

 i. Events of default are set forth in Section 5.1 of the ProCap Agreement, and generally include default on indebtedness; failure of the Debtor, its subsidiaries, or any guarantor to comply with any term, obligation, covenant, or condition of the ProCap Agreement or related documents; default of certain credit obligations; breach of any warranty, representation, or statement made in connection with the ProCap Agreement; failure of the ProCap Agreement; the occurrence of certain events within the bankruptcy case (including filing by the Debtor of a plan that is not acceptable to ProCap); failure of the Debtor or its subsidiaries to engage senior management acceptable to ProCap; and a material adverse change to the Debtor's business or assets.

 j. The ProCap Agreement includes the waiver or modification of certain rights, including the waiver of the Debtor's rights to any return of the Aggregate Collateral pursuant to § 546(h) (ProCap Agreement, at § 4.1(i)(ii); Order, at ¶ 10).

 k. Upon the occurrence of an Event of Default as defined in Section 5.1 of the ProCap Agreement, ProCap is entitled to take possession of the collateral (ProCap Agreement, at § 5.2).

 l. Under the ProCap Agreement, the Debtor agrees generally to defend, protect, and indemnify ProCap from all claims relating to or arising out of the ProCap Agreement or related documents, any prepetition documents or acts, and any event or transaction related thereto (ProCap Agreement, at § 6.3(q)).

## II. Procedural Background

3. On February 10, 2014 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition commencing this case. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4. Joseph F. McGonigal is the appointed United States Trustee in this chapter 11 case. No official unsecured creditors' committee has been appointed in this case.

5. This is a "First Day Motion," as defined in Local Rule B-9013-3(f).

6. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D) and (M).

7. Proposed counsel for the Debtor has discussed the filing of this case with the chief courtroom deputy for the U.S. Bankruptcy Court for the Southern District of Indiana and a staff attorney for the United States Trustee, and has advised the Office of the United States Trustee of this motion in accordance with Local Rule B-9013-3(b).

### III. General Background

8. The Debtor is a publicly traded company listed on the OTCBB under the ticker symbol "CERPQ." The Debtor creates a wide range of bioplastic resins to meet growing consumer and industrial demand for alternatives to traditional plastics. The Debtor's plant is located in Seymour, Indiana where it employs local residents to run the plant.

9. In 2010 and 2011, Cereplast experienced exponential growth and was looking for investment capital primarily to support that growth. Cereplast intended on using any investment capital to purchase additional raw materials and as working capital needed to meet the rapidly increasing global demand for Cereplast's proprietary resins.

10. On December 21, 2010 Debtor entered into a Venture Loan and Security Agreement with Horizon. The Venture Loan and Security Agreement was amended on November 27, 2012 authorizing additional payments to Debtor. The Venture Loan and Security Agreement created a security interest in favor of Horizon in Debtor's assets.

11. Horizon subsequently perfected its security interest through the filing of a UCC-1 financing statement with the Nevada Secretary of State. The Debtor intends to list Horizon on Schedule D as a secured creditor under the Venture Loan and Security Agreement.

12. The Debtor believes that Horizon, as the Prepetition Lender, currently has first priority liens in substantially all of the Debtor's assets.

13. Due to a period of exponential growth, including the opening of Debtor's Seymour, Indiana manufacturing plant, Debtor entered into several additional financing agreements. None of the agreements created a security interest in Debtor's assets, and Debtor intends to list each of these lenders on its Schedule F when those documents are filed.

14. However, due to a variety of circumstances, including increased costs and predatory lending practices by at least one of its unsecured lenders, resulted in significant losses to Cereplast. Despite continuous attempts at procuring additional capital infusion, Cereplast has been unable to ameliorate its losses, also due in part to its antagonistic lender.

15. Cereplast initiated this Case in order to accomplish an orderly restructuring of the business as a going concern; Cereplast seeks to infuse the company with post-petition financing in order to continue to employee Seymour residents to operate its plant.

## IV. Relief Requested

16. The Debtor has performed a preliminary investigation and analysis of the related UCC filings and based upon this investigation believes that its obligations to Horizon are secured by valid, enforceable, and non-avoidable liens and security interests in substantially all of the property owned by the Debtor.

17. While the Debtor believes the postpetition financing it seeks from ProCap will be sufficient to fund postpetition operations, the Debtor may have a need to use cash collateral in which Horizon has an interest, in order to permit, among other things, the orderly continuation of the operation of the Debtor's business. In that instance, use of cash collateral will be necessary to

prevent harm to the Debtor and its property that would otherwise result if the Debtor is prevented from obtaining the use of cash collateral for the continued operation of its business.

18. Under sections 361 and 363 of the Bankruptcy Code, Debtor requests the use of cash collateral and to provide adequate protection to the Prepetition Secure Lendor, Horizon, under the Venture Loan and Security Agreement with respect to any diminution in value of their interests in substantially all of the Debtor's property resulting from the security interest sought by ProCap to secure the postpetition financing, the use of the cash collateral, the use, sale or lease of the Debtor's prepetition property, or imposition of the automatic stay provided by section 362 of the Bankruptcy code.

19. Because cash collateral will not be sufficient to fund postpetition operations, however, it is necessary for the Debtor to obtain additional operating funds. ProCap has agreed to provide postpetition financing to the Debtor on the terms set forth in the ProCap Agreement.

20. To protect ProCap during the course of the chapter 11 case, amounts borrowed under the ProCap Agreement are entitled to superpriority administrative expense status under 11 U.S.C. § 364(c)(1). The Debtor will also grant ProCap first priority postpetition liens pursuant to 11 U.S.C. §§ 364(c)(2) and (c)(3), and 364(d), subject only to the liens of Horizon. As part of the ProCap Agreement, and subject to entry of a final financing order, the Debtor waives its rights to surcharge ProCap under 11 U.S.C. § 506(c) for any costs or expenses of administration. The liens granted to ProCap remain in full force and effect notwithstanding any subsequent conversion or dismissal of the bankruptcy case, and the ProCap Agreement is binding on any subsequently appointed chapter 11 trustee or chapter 7 trustee.

21. The terms proposed in the ProCap Agreement are the most favorable terms the Debtor has been able to obtain to this point.

22. The Debtor is unable to obtain unsecured credit allowable as an administrative expense under 11 U.S.C. 503(b)(1).

23. The Debtor's projections for the interim operating period are attached hereto as **Exhibit C** (the "Interim Budget"), and show that the Debtor's use of Cash Collateral will be limited to payment of costs associated with the Debtor's operations, including payroll and senior management obligations; rent and vendor payments; utilities; interest payments to ProCap; cost associated with public companies; and potential restructuring costs.

### V. Basis for Relief Requested

24. In accordance with 11 U.S.C. § 363(c)(2), Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Rule 4001-2, the Debtor requests that the Court enter an Order authorizing, through the date of a final hearing, the interim use of cash collateral to the extent necessary to fund postpetition operations and in accordance with the Interim Budget.

25. Section 363(c)(2)(B) of the Bankruptcy Code provides that the Debtor may use cash collateral if the court, after notice and hearing, authorizes such use. Debtor provided notice Horizon of its intent to use cash collateral pursuant to Section 363(c)(2)(B) of the Bankruptcy Code on February 24, 2014. A hearing on this motion is set for March 4, 2014.

26. Section 364(c) of the Bankruptcy Code allows the Debtor, after notice and hearing, to obtain credit (a) on an unsecured, super-priority basis; (b) on a secured basis on property not otherwise subject to a lien; or (b) on a secured basis with a priority junior to existing liens. In this case, the Debtor has attempted to obtain unsecured credit allowable as an administrative expense under 11 U.S.C. § 503(b)(1), but has been unable to do so.

27. Section 364(d)(1) of the Bankruptcy Code allows a debtor to obtain secured credit of senior or equal priority to existing liens after notice and a hearing if there is no other available

7

credit and any liens so affected are adequately protected. As previously stated, the only postpetition financing the Debtor has been able to obtain is from ProCap, and only on the terms set forth in the ProCap Agreement. Accordingly, the requirement of 11 U.S.C. § 364(d)(1)(A) is satisfied. Because the Debtor is offering Horizon adequate protection of its prepetition interest, the requirement of 11 U.S.C. § 364(d)(1)(B) is also satisfied.

28. The Debtor's value is driven by the value of continuing to operate its Seymour, Indiana manufacturing plant. Authorizing the Debtor to proceed under the ProCap Agreement will ensure that Debtor can continue to fulfill orders for its products and continue as a going concern. The relief requested herein is an exercise of the Debtor's sound business judgment and is in the best interest of the Debtor, its creditors, and its estate.

29. The ProCap Agreement and the Order have been negotiated in good faith and at arms' length between the Debtor and ProCap. Accordingly, the Debtor requests that ProCap be afforded the protections of 11 U.S.C. § 364(e).

30. The Debtor is still negotiating both interim and final orders granting the relief requested in this motion with ProCap and Horizon. Accordingly, some terms of the proposed orders may change by the time of a hearing on this and other first day motions. If any changes are made counsel for the Debtor will highlight such changes to the Court and the United States Trustee.

WHEREFORE, the Debtor requests entry of an the Order (1) authorizing and allowing it to enter into the ProCap Agreement; (2) authorizing the Debtor to use cash collateral in accordance with 11 U.S.C. § 363(c) on the terms set forth in the ProCap Agreement and the Order, and in a manner consistent with the Interim Budget, through the entry of a final order; (3) authorizing the Debtor to incur secured postpetition debt 11 U.S.C. § 364(c) and (d) on the terms set forth in the ProCap Agreement and the Order; (4) authorizing the Debtor to grant adequate

protection and provide security to Horizon Technology Funding Company pursuant to 11 U.S.C. § 364(d); (5) finding that ProCap Funding is entitled to the protection of 11 U.S.C. § 364(e); and (6) granting all other proper relief.

DATED: February 27, 2014                                Cereplast, Inc.
                                                        As debtor in possession

                                                  By:   /s/ Tamara M. Leetham
                                                        Tamara M. Leetham,
                                                        proposed counsel for debtor

Tamara M. Leetham
Austin Legal Group, APC
3990 Old Town Avenue, Suite A112
San Diego, CA 92110
Telephone:    (619)924-9600
Fax:          (619) 881-0045
Email: tamara@austinlegalgroup.com

Proposed Counsel for Debtor

9